UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ST. JOHNS INSURANCE COMPANY,
as assignee of Kurt Dombroski Roofing
and as subrogee of Rejana Khawam
and Anthony Diorio,

       Plaintiff,

v.                                           CASE NO.: 8:07-CV-2312-T-30MAP

NAUTILUS INSURANCE COMPANY,

       Defendant.
_____/

## ORDER

Before the Court are two motions relating to two subpoenas served by Defendant Nautilus Insurance Company. Nautilus served subpoenas on Cramer, Johnson, Wiggins & Associates, a non-party retained by Plaintiff St. Johns to investigate the claim (the "CJW subpoena"), and Corless Law Firm, counsel for St. Johns in this litigation (the "Corless subpoena").[1] St. Johns filed a motion to quash the CJW subpoena (doc. 10) and an objection to the Corless subpoena (doc. 11).[2] Nautilus opposed the motion to quash the CJW subpoena (doc. 12) and moved to compel compliance with the Corless subpoena (doc. 13).

---

[1] The former requests the "complete file regarding Rejana Khawam, Anthony Dioro & Domroski Roofing co. & the loss at 1921 Lago Vista Blvd., Palm Harbor, Fl. . . ." The latter requests the "complete file regarding case #05-8265 styled St. Johns v. Dombroski Roofing."

[2] Although the subpoenas were directed to CJW and Corless and not to St. Johns, St. Johns has standing to challenge the subpoenas because of its claim of privilege. *See Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) ("[S]tanding exists if the party alleges a 'personal right or privilege' with respect to the subpoenas.").

Neither motion clearly defines the issues before the Court, and one problem may be the parties' apparent failure to confer.  *See* Local Rule 3.01(g).  Although St. Johns' motion to quash the CJW subpoena certifies that the parties conferred, Nautilus claims St. Johns "never discussed the matter with us."  *See* doc. 12 at 4.  Likewise, Nautilus's motion to compel compliance with the Corless subpoena does not certify that the parties have conferred (although Nautilus does complain that as to St. Johns' objection, "opposing counsel does not certify compliance with Local Rule 33g" (sic)).  *See* doc. 13 at 2.  The Court reminds the parties of their obligation to confer in an attempt to resolve issues before seeking court intervention.  "Confer," as that term is used in Local Rule 3.01(g), means "to come together to compare views or take counsel."  Webster's New Collegiate Dictionary (1979).  *See e.g.*, *Williams v. Board of County Commissioners*, 192 F.R.D. 698, 700 (D.C. Kan. 2000) (a single letter between counsel addressing a discovery dispute does not satisfy the duty to confer; it requires counsel to "converse, confer, compare views, consult, and deliberate").

Regarding Nautilus's motion to compel compliance with the Corless subpoena, the nature of the dispute is unclear.  Nautilus complains about St. Johns' failure to provide documents and a privilege log (doc. 13 at 2), but in St. Johns' notice of objection, St. Johns states that it will provide "any and all non-privileged materials" as well as a privilege log (doc. 11 at 2).  If Nautilus's only concern is when it will receive those materials, its motion should make that clear.

Regarding St. Johns' motion to quash the CJW subpoena, the Court notes that St. Johns' blanket assertion of privilege is improper.  St. Johns contends that "the complete files . . . clearly are work product as St. Johns retained CJW for the specific purpose of performing an investigation into the claim in anticipation of litigation."  *See* doc. 10 at 5.  However, St. Johns fails to provide affidavits or other evidentiary support to support its claim that this work was performed in

anticipation of litigation, and fails to describe the documents withheld with sufficient particularity. The work product doctrine generally would not protect all of an insurer's investigatory files. *See, e.g., Cutrale Citrus Juices USA, Inc., v. Zurich Am. Ins. Group*, 2004 WL 5215191 (M.D. Fla. 2004) ("The work product doctrine was not intended to protect from general discovery materials prepared in the ordinary course of business such as factual investigations prepared by insurance companies. . . . [M]ost courts have held that documents constituting any part of a factual inquiry into or evaluation of a claim, undertaken in order to arrive at a claim decision, are produced in the ordinary course of an insurer's business and, therefore, are not work product."); *see also Place of St. Michel, Inc. v. Travelers Prop. Cas. Co. of Am.*, 2007 WL 1059561 (S.D. Fla. 2007) (applying the work product doctrine in the context of insurance claim files requires a "fact-specific analysis," considering factors such as who prepared the documents, the nature of the documents, the time the documents were prepared, the nature of the litigation, the relationship between the parties, and the involvement of counsel).

Accordingly, if St. Johns seeks to assert privilege, it must submit a privilege log to Nautilus which describes every document currently being withheld under a claim of privilege. The log is to include as to each document: (1) a brief description or summary of the document sufficient to understand its context without revealing the contents; (2) the date it was prepared; (3) the name(s) of the person(s) who prepared the document and their position(s) (i.e. attorney); (4) the person(s) to whom the document was directed or received, or for whom it was prepared, and their position(s); (5) the purpose for preparing the document; (6) the privilege asserted; and (7) the reasons that document purportedly satisfies the asserted privilege. As to this last provision, if St. Johns claims the document is work-product protected, St. Johns must identify the "litigation" at issue at the time

the document was prepared and state why this document meets the "in anticipation of litigation" standard.  St. Johns must also supplement the log with an affidavit or affidavits by reviewing attorneys certifying in their professional opinion that there is a reasonable basis in law and fact for the assertion of the stated protections.  *See CSX Transp., Inc. v. Admiral Ins. Co.,* 1995 WL 855421 (M.D. Fla. 1995).

After receipt of the privilege log, if Nautilus reasonably believes that St. Johns has not properly asserted a privilege, Nautilus should meet and confer with St. Johns before seeking relief from this Court.  If a request for such relief is necessary, Nautilus is reminded it must specifically identify the document(s) sought and identify the claimed deficiencies in St. Johns' privilege log.  Accordingly, it is hereby

ORDERED:

1. St. Johns' motion to quash (doc. 10) is DENIED without prejudice.

2. Nautilus's motion to compel (doc. 13) is DENIED without prejudice.

3. To the extent that St. Johns contends that documents responsive to the subpoenas should be withheld as privileged, St. Johns shall provide a privilege log as set forth in this Order.

DONE AND ORDERED at Tampa, Florida on April 28, 2008.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE