UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ST. JOHNS INSURANCE COMPANY,
as assignee of Kurt Dombroski Roofing
and as subrogee of Rejana Khawam
and Anthony Diorio,

      Plaintiff,

v.                                                                                        CASE NO.: 8:07-CV-2312-T-30MAP

NAUTILUS INSURANCE COMPANY,

      Defendant.
_____/

## ORDER

This cause is before the Court on two motions to compel compliance with subpoenas directed to non-parties Rejana Khawam and Kurt Dombroski Roofing Company. Although the motions seek to compel compliance by non-parties, it does not appear from the certificate of service that the motions were served on the non-parties. Moreover, it is not clear from the motions whether the movant conferred with the non-parties in an attempt to resolve this matter without court intervention prior to filing this motion. The Court acknowledges that Local Rule 3.01(g) requires the movant to confer with "counsel for the opposing party" and does not specifically address discovery disputes between a party and a non-party. However, the Court finds that requiring the movant to confer with the non-parties in this case is consistent with the purpose of Local Rule 3.01(g) and the requirement in Fed. R. Civ. P. 45(c) that the party or attorney responsible for issuing and serving a subpoena must take "reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *See also Med. Components, Inc. v. Classic Med., Inc.*, 210 F.R.D. 175, 177–79 (M.D.

N.C. 2002) (requiring the movant to confer with the non-party even though the local rule referenced conferring to resolve differences between "the parties"); *Boukadoum v. Hubanks*, 239 F.R.D. 427, 431 (D. Md. 2006) ("[W]here counsel subpoenas documents from a non-party . . . and the documents are not forthcoming on the appointed date, counsel must engage in a good faith effort to secure the non-party's compliance before filing a motion to compel and must certify to the effort as part of the motion to compel."). Accordingly, it is hereby

ORDERED:

1. Nautilus's motion to compel compliance by Kurt Dombroski Roofing Company (doc. 14) is DENIED without prejudice.

2. Nautilus's motion to compel compliance by Rejana Khawam (doc. 15) is DENIED without prejudice.

DONE AND ORDERED at Tampa, Florida on May 12, 2008.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE